| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **HEARING DATE: January 27, 2021**<br>**HEARING TIME: 10:00 a.m.** |

------------------------------------------------------------x

In re                                                                     Chapter 11

New York Helicopter Charter Inc.,                       Case No. 19-13238 (SHL)

                    Debtor.

------------------------------------------------------------x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Sean H. Lane, Bankruptcy Judge, United States Bankruptcy Court, 1 Bowling Green, New York , New York 10004 on **January 27, 2021 at 10:00 a.m.**, or as soon thereafter, for an order converting this Chapter 11 case to a case under Chapter 7 and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that no later than **seven (7) days prior** to the return date set forth above, objections or responses, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, (d) be submitted in hard-copy form directly to the Chambers of the Hon. Sean Lane, and (e) be served upon the United States Trustee, c/o U.S. Trustee's Office, 201 Varick Street, Suite 1006, New York, New York 10004 (Attn: Shannon Anne Scott).  Such

papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
      December 22, 2020

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   */s/ Shannon Anne Scott*
Shannon Anne Scott
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                    Chapter 11

New York Helicopter Charter Inc.,                         Case No. 19-13238 (SHL)


                    Debtor.
-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR ORDER CONVERTING THIS CASE TO A CASE UNDER CHAPTER 7

TO:    THE HONORABLE SEAN H. LANE
       UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby files his Memorandum of Law in support of his accompanying motion for an order converting this Chapter 11 case to a case under Chapter 7 pursuant to 11 U.S.C. § 1112(b) and for such other further relief that the Court deems appropriate (the "Motion"). In support thereof, the United States Trustee represents and alleges as follows:

## INTRODUCTION

As this Court has noted during a recent status conference, it is in the best interests of creditors for this case to be converted and the estate to be administered by a Chapter 7 trustee. The Debtor has no operations, diminishing assets, no post-petition financing and increasing administrative expenses. Specifically, the sale of the Debtor's main tangible assets has been approved, and the proceeds are not enough to yield enough to repay secured creditors, lienholders and administrative claimants, let alone other creditors. And if that were not enough,

1

during the pendency of these bankruptcy proceedings, without the approval of this Court or parties-in-interest and in what appears to be direct contravention of provisions of the SBA Paycheck Protection legislation, the Debtor received a post-petition payment protection program loan. The lender of this loan now seeks an administrative claim for the amount of the loan proceeds. The appointment of a chapter 7 trustee will allow the trustee to liquidate any remaining assets which includes a license, litigate any potential causes of action and distribute the proceeds for the benefit of all creditors.  Further, a chapter 7 trustee can review the circumstances of the post-petition loan and evaluate how the proceeds were distributed, in conjunction with pursuing any causes of actions on behalf of the estate. Thus, conversion to Chapter 7 is appropriate and in the best interest of creditors of this estate.

## BACKGROUND

1. On October 11, 2019, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), commenced a voluntary case under chapter 11 of the Bankruptcy Code. ECF No. 1.

2. The Debtor is a charter and sightseeing helicopter company that has operated in the New York City area for the past 20 years. See ECF. No. 2, the Declaration of Michael Roth Pursuant to Local Bankruptcy Rule 1007-2.

3. The Debtor lists assets on Schedule A/B for "Real and Personal Property" machinery and equipment for "aircraft and accessories" and "FAA licenses". ECF No. 4, pgs. 6 and 7.

4. After the Debtor sought an extension of time for the Debtor's exclusive period to file a chapter 11 plan for ninety days by a motion dated March 26, 2020, the Court entered an

Order on April 10, 2020 granting the Debtor's request and authorized that the exclusive period in which it may file a Chapter 11 plan be extended to and including July 14, 2020. ECF Nos. 77 and 83.

5. On May 28, 2020, the Debtor filed a motion for entry of an order approving (i) a bidding procedures (the "Bidding Procedures") order with respect to the sale of substantially all of the Debtor's assets and certain assets of Miami Helicopter Inc. ("MHI"), an affiliate of the Debtor; (ii) such sales free and clear of all liens, claims and encumbrances; (iii) and for such other further relief set forth therein (the "Sale Motion"). ECF. No. 86.

6. The Sale Motion provides that:

> [B]ased upon discussions with 1st Source Bank, the Debtor proposes to sell its helicopter fleet, as well as the helicopter fleet of MHI, either separately or as a package to the highest and best bidder(s). At the same time, the Debtor's business will also be offered for sale as a going concern, either with or without its helicopter assets. In an effort to ensure that these assets are sold for the highest and best price, each of these assets, individually and as a group, will be marketed for sale based on market conditions at an undisclosed strike price to be determined by the Debtor and MHS [], in consultation with 1st Source Bank.

Id. at ¶ 9.

7. On July 14, 2020, the Debtor filed a Chapter 11 Small Business Plan and Disclosure Statement. ECF Nos. 97 and 98.

8. On July 17, 2020, the Court entered an Order approving the Bidding Procedures.

9. After a hearing on the Sale Motion was held on September 14, 2020 (the "Sale Hearing"), by an Order entered on September 21, 2020, the Court approved the Sale Motion and the Aircraft Sale Agreement, which authorized the sale of five (5) helicopters, including all engines, parts and components installed thereon, and any loose equipment pertaining thereto, as

3

well as all logs, manuals, data and inspection, modification, maintenance and overhaul records in any form or any media associated with such helicopters pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code. ECF. No. 110.

10. As set forth in the Sale Motion, pursuant to the Distribution Waterfall as defined therein, a carve out from the sale proceeds is authorized for the payment of allowed accrued and unpaid fees, disbursements, costs and expenses for counsel to the Debtor, up to $75,000, incurred in connection with the sale of the Debtor's assets.

11. A review of the Debtor's monthly operating reports demonstrates that in May, 2020, the Debtor received an SBA Paycheck Protection Program ("PPP") loan in the amount of $120,000 (the "PPP Loan"), which post-petition loan was not authorized by the Court. ECF. No. 102.

12. After the discovery of the PPP Loan, counsel to the United States Trustee brought it to the attention of Debtor's counsel and, the parties agreed to schedule a conference with the Court to address the PPP Loan.

13. On November 20, 2020, JPMorgan Chase Bank, National Association ("JPMC") filed a motion seeking the entry of an order directing the Debtor to pay JPMC the PPP Loan as an administrative expense claim pursuant to sections 364(b) and 503(b) of the Bankruptcy Code (the "JPMC Motion"). ECF. No. 113.

14. The JPMC Motion provides that:

> Under the PPP and its implementing regulations, a business involved in bankruptcy proceedings at the time of applying is not eligible for a loan under the PPP. *See* SBA Interim Rule, 13 CFR Part 120, RIN#3245-AH37 dated April 28, 2020. In accordance with this regulation, the application form requires a prospective borrower to certify that it "is not involved in any bankruptcy," and

> makes clear that if the answer is yes, then "*the loan will not be approved.*" *See* Application, Question 1 (emphasis in original).

<u>Id</u>. at ¶ 4.

15. Further, the JPMC Motion provides that:

> In this instance, the Debtor provided conflicting information – both certifying that the Debtor was not involved in a bankruptcy proceeding by checking the "no" box in response to that question, while also indicating in the business name and DBA/Tradename sections of the Application that Debtor was a "Debtor-In-Possession" with case number reference. *See* Application, Question 1 and Business Name section.

<u>Id</u>. at ¶ 5.

16. On December 10, 2020, the Court held a conference and addressed, *inter alia*, the consequences of the PPP Loan, the JPMC Motion and the status of the case (the "December 10 Conference"), which conference was attended by the counsel to Debtor, the purchaser, the secured creditor, the United States Trustee and JPMC.

17. At the December 10 Conference, observing that it would be in the best interest of the estate's creditors to convert this case to a case under Chapter 7 case, the Court directed that the United States Trustee file a motion seeking to convert this case from a chapter 11 case to one under chapter 7.

18. By a consent Order entered on December 18, 2020, the Court authorized Debtor's counsel to apply $75,000.00 of the Sale proceeds towards its allowed fees in satisfaction of the Carve-Out. ECF No. 124.

19. The Debtor continues to manage the estate as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, although it has no material ongoing operations and is simply liquidating its remaining tangible assets.

## DISCUSSION

**A.     There is Cause to Convert the Cases to Chapter 7 Under 11 U.S.C. § 1112(b)(4)(A)**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the Court <u>shall</u> convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate . . . for cause." 11 U.S.C. § 1112(b)(1)(emphasis added). "Bankruptcy courts have broad discretion in determining whether cause exists for conversion or dismissal under section 1112(b)." <u>In re Red Bull Taxi Inc.</u>, 2017 Bankr. Lexis 1209 *5 (Bankr. S.D.N.Y. May 3, 2017) (citations omitted).   Section 1112(b)(4) provides a non-exhaustive list of sixteen factors from which the Court may find a showing of "cause" for purposes of paragraph (b)(1). <u>See</u> 11 U.S.C. § 1112(b)(4). Once a party establishes cause, the burden is on the respondent to demonstrate that dismissal or conversion is not in the best interest of the estate. <u>In re Halal 4 U LLC</u>, 2010 WL 3810860 * 2 (Bank. S.D.N.Y. 2010).

   **1.     There are Continuing Losses to the Estate
           And No Likelihood of Rehabilitation**

      **a.     Continuing Losses to the Estate**

Cause for conversion exists when a moving party can demonstrate the substantial or continuing loss to or diminution of the debtor's estate and an absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A); <u>In re 1031 Tax Grp., LLC</u>, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>In re BH S&B Holdings, LLC</u>, 439 B.R. 342, 346 (Bankr. S.D.N.Y 2011). "A party seeking to demonstrate cause under § 1112(b)(4)(A) must establish both the 'substantial or continuing loss' prong as well as the 'absence of a reasonable likelihood of rehabilitation.'" <u>In re FRGR Managing Member LLC</u>, 419 B.R. 576, 581 (Bankr. S.D.N.Y

6

2009).   An estate's liability for administrative expenses constitutes a diminution in assets. <u>In re Lyons Transportation Lines, Inc.</u>, 123 B.R. 526, 531 (Bankr.W.D.Pa. 1991); <u>see</u> <u>also</u>, e.g., In re FRGR Managing Member LLC, 419 B.R. at 581 (noting that the debtor continues to incur quarterly U.S. Trustee fees as well as legal fees, causing a continuing loss to the estate). "To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements." <u>In re AdBrite Corp.</u>, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003). There need not be significant diminution to satisfy the first prong of section 1112(b)(4)(A). See <u>In re East Coast Airways, Ltd.</u>, 146 B.R. 325, 336 (Bankr. E.D.N.Y. 1992); <u>In re Kanterman</u>, 88 B.R. 26, 29 (S.D.N.Y. 1988).

     There is no dispute that both prongs have been satisfied. There are continuing losses to the estate in this case. While it was agreed that the administrative expense claim of Debtor's counsel was to be paid from a carve out of the sale proceeds, the agreement was made without full disclosure of the Debtor's receipt of the PPP Loan. Now that the PPP Loan has come to light, JPMC is seeking an administrative expense claim for the amount of the PPP Loan. Indeed, there is no proposed post-petition financing and the sale of the Assets, which are the Debtor's main tangible assets, will not yield enough to repay secured creditors, lienholders and administrative claimants, let alone other creditors.

     Significantly, it has been over one year since the filing of this case, the sale of the Assets has concluded and there are no ongoing operations. There is no feasible prospect for a reorganization or chapter 11 plan and an ongoing process in chapter 11 will only create substantial additional administrative claims against the estate that will significantly reduce any

7

potential recovery to creditors in these cases. The appointment of a chapter 7 trustee can liquidate any remaining assets, including the FAA licenses and review business records for any potential causes of action in a more cost-efficient manner. Thus, it is clear that the continuing losses to the estate has been shown in that there are no realistic prospects for the Debtor to fund expenses to confirm a liquidating plan.

### b. No Likelihood of Rehabilitation

Section 1112(b)(4)(A) is "intended to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." In re Lizeric Realty Corp., 188 B.R. 499, 502 (Bankr. S.D.N.Y. 1995); see also In re Court Living Corp., No. 96 CIV. 965, 1996 U.S. Dist. LEXIS 13588, 1996 WL 527333, at *3 (S.D.N.Y. Sept. 16, 1996). The term "rehabilitation" is not synonymous with the term "reorganization," which, for purposes of chapter 11 generally, may include a liquidation. See Adbrite, 290 B.R. at 216. Rather, the term "rehabilitate" means "to put back in good condition; re-establish on a firm, sound basis." Lizeric, 188 B.R. at 503 (quoting 5 Collier on Bankruptcy ¶ 1112.03 at 1112-19 (Lawrence P. King et al. eds., 15th ed. 1995)) (internal quotation marks omitted). Here, the Debtors have no ability to reorganize.

Here, the Debtor is effectively out of business and, the Debtor has not proposed any means by which it can successfully restructure their debt. Admittedly, it is the Debtor's intention to liquidate any remaining assets and to the extent it can, distribute the proceeds to creditors. Accordingly, there is no likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).

### 2. Cause Also Exists Under 11 U.S.C. § 1112(b)(4)(B)

Cause also exists to convert these cases because of "gross mismanagement" of the

8

Debtor's estate. See 11 U.S.C. § 1112(b)(4)(B); In re Tucker, 411 B.R. 530, 533 n.6 (Bankr. S.D. Ga. 2009) ("'cause' is present to convert or dismiss a case where there has been 'gross mismanagement' of the estate."). A debtor owes a fiduciary obligation to act in the best interest of its estate. In re G-I Holdings, Inc., 385 F.3d 313, 319 (3d Cir. 2004). Gross mismanagement will be found where a debtor fails to comply with this fiduciary duty. See In re Gateway Access Solutions, Inc., 374 B.R. at 565–66 (Bankr. M.D. Pa. 2007).

Here, it cannot be overlooked that the Debtor sought and received a PPP Loan post-petition without seeking authority from the Court. It is also unknown as to whether the Debtor disclosed the bankruptcy filing to JPMC and as such, the circumstances surrounding the PPP Loan warrants a review by an independent fiduciary, including, but limited to an investigation as to how those loan monies were distributed by the Debtor. A chapter 7 trustee is fully capable of winding down the estate, making any distributions, and investigating and pursuing any causes of action and can do so in a reasonable and cost-effective manner. Accordingly, the cases should be converted to chapter 7 under section 111(b)(4)(B) of the Bankruptcy Code.

**B.    There Are No Unusual Circumstances Establishing that Conversion or Dismissal Is Not in the Best Interests of Creditors and the Estates**

Under Section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate."  11 U.S.C. § 1112(b)(2). See also Gateway Access, 374 B.R. at 561 (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under Section 1112(b)(2)).

Section 1112(b)(2) provides that:

(2) The court may not convert a case under this chapter to a case under chapter 7 or

9

>  dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that
>
>  (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>  (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that conversion or dismissal is not in the best interests of the creditors and the estates. There is no likelihood of plan confirmation within a reasonable time and no reasonable justification for the Debtor to continue in Chapter 11.

**C.     Conversion is in the Best Interests of Creditors and the Estates**

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors." 11 U.S.C. § 1112(b); In re Hampton Hotel Investors, L.P., 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001); see also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). In a case where there are, or may be, assets that could provide a recovery to creditors but the debtor-in-possession has failed to perform as required in the case, conversion to chapter 7 is in the best interests of creditors. In re Cloisters of Brevard, Inc., 117 B.R. 722, 723 (Bankr. M.D. Fla. 1990).

10

The conversion of the case is in the best interests of the creditors and the bankruptcy estates. A chapter 7 trustee can liquidate the tangible assets, including the FAA licenses, investigate suspect transfers, initiate any required litigation and to the extent necessary, seek Court approval to operate the Debtor's business under 11 U.S.C. § 721 pending liquidation. The Court should, therefore, convert the Debtor's case to chapter 7.

## CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that this Court enter an order converting this case to a case under Chapter 7, or grant such other relief as the Court deems just, fair, and equitable.

Dated: New York, New York
      December 22, 2020

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
Region 2

By:   */s/ Shannon Anne Scott*
Shannon Anne Scott
Trial Attorney
201 Varick Street, Room 1006
New York, NY 10014
Tel. No. (212) 510-0500

11